FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO MARQUEZ-FARIAS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-73774

Agency No. A205-297-746

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Francisco Marquez-Farias, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing Marquez's

appeal from an immigration judge's decision denying Marquez's application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The BIA did not err in finding that Marquez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)). We have held that individuals returning to Mexico from the United States who are believed to be wealthy are not a particular social group. *Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Substantial evidence supports the agency's conclusion that Marquez otherwise failed to establish he would be persecuted on account of a protected ground, as Marquez articulated only a fear of general gang or cartel violence. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members

2

bears no nexus to a protected ground"). Thus, Marquez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Marquez failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Marquez presented background evidence of widespread violence in Mexico, but this generalized evidence does not compel a contrary conclusion. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**